**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cv-352-RJC**
**(3:06-cr-383-RJC-1)**

| | | |
|---|---|---|
| **JASON MILTON SMITH, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I.     BACKGROUND

Petitioner pled guilty in the underlying criminal case to carjacking and possession of a

firearm by a convicted felon and was sentenced to 180 months' imprisonment for the carjacking

and 288 months for the firearm possession, concurrent. (3:06-cr-383, Doc. No. 21).The Fourth

Circuit Court of Appeals dismissed Petitioner's direct appeal due to his knowing and voluntary

appellate waiver. (3:06-cr-383, Doc. No. 30). Petitioner filed an untimely certiorari petition that

the United States Supreme Court denied. Smith v. United States, 557 U.S. 927 (2009).

On May 18, 2010, Petitioner filed a § 2255 Motion to Vacate that the Court dismissed as

untimely, case number 3:10-cv-227-RJC. Smith v. United States, 2013 WL 2480653 (W.D.N.C.

June 10, 2013). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's

appeal. United States v. Smith, 571 Fed. Appx. 196 (4th Cir. 2014).

On June 16, 2014, Petitioner filed a second § 2255 Motion to Vacate that the Court dismissed as an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A), case number 3:14-cv-316-RJC. Smith v. United States, 2015 WL 8373788 (W.D.N.C. Dec. 8, 2015).

Petitioner filed the instant § 2255 Motion to Vacate, his third, on May 11, 2017. (Doc. No. 1).

## II.     STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The instant § 2255 Motion to Vacate is an unauthorized successive petition over which the Court lacks jurisdiction. Petitioner has already filed a § 2255 Motion to Vacate which the Court dismissed with prejudice as time-barred, which is an adjudication on the merits. See Fed. R. Civ. P. 41(b). Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate for lack of jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 21, 2018

Robert J. Conrad, Jr.
United States District Judge